**UNITED STATES of America,**

v.

**Javier LEBRON, a/k/a J, Appellant.**

No. 14–3328.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6, March 19, 2015.

Opinion filed: March 31, 2015.

Lee J. Dobkin, Robert A. Zauzmer, esq.,
Office of United States Attorney, Philadel-
phia, PA, for United States of America.

Javier Lebron, Canaan USP, Waymart,
PA, pro se.

Before: AMBRO, JORDAN and
KRAUSE, Circuit Judges.

OPINION *

PER CURIAM.

Javier Lebron is a federal prisoner who
has been serving a mandatory sentence of
life imprisonment since 1991, when he was
convicted on charges arising from his mur-
der for hire of a woman to prevent her
from testifying before a federal grand
jury. We affirmed in 1992. *See United
States v. Lebron*, 970 F.2d 900 (Table) (3d
Cir.1992) (No. 91–2009). Lebron did not
file a motion under 28 U.S.C. § 2255 or

any other collateral challenge in his crimi-
nal action for over twenty-two years.

In 2014, Lebron filed a motion in his
criminal action that he captioned as one
under Rules 60(b) and 60(d)(3) of the Fed-
eral Rules of Civil Procedure and that he
purported to base on alleged fraud on the
District Court. Lebron argued the proba-
tion office made erroneous statements of
law leading the District Court to misapply
the Sentencing Guidelines. He also as-
serted two claims that do not appear to be
based on any alleged fraud—i.e., that one
of his convictions constitutes a double jeop-
ardy violation because his indictment was
duplicitous, and that the District Court's
jury instructions constructively amended
the indictment. The Government filed a
response to Lebron's motion, and the Dis-
trict Court dismissed the motion for lack
of jurisdiction and stated that it did so for
the reasons stated in the Government's
response. We have jurisdiction under 28
U.S.C. § 1291 and will affirm, though on a
somewhat different ground.

The Government argued that Lebron's
motion was not one of the kinds of Rule
60(b) motions permitted by *Gonzalez v.
Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162
L.Ed.2d 480 (2005), because it asserts chal-
lenges to his convictions and sentence on
the merits. *Gonzalez*, however, addressed
Rule 60(b) motions filed in civil habeas
corpus actions and the circumstances un-
der which such motions are barred by the
restrictions on filing second or successive
habeas petitions. *See id.* at 529–30, 125
S.Ct. 2641. Lebron filed his putative Rule
60 motion in his criminal action and with-
out previously having filed a § 2255 mo-
tion, so the District Court lacked the au-
thority to grant relief under Rule 60 for
the more fundamental reason that civil
Rule 60 simply does not apply in criminal

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

proceedings. *See United States v. Washington,* 549 F.3d 905, 912 & n. 6 (3d Cir. 2008).

There was no reason for the District Court to consider construing Lebron's motion as anything else. District Courts do not have the inherent authority to vacate judgments procured by fraud in criminal cases and may instead vacate such judgments only pursuant to the authority granted by rule or statute. *See id.* at 914–17. District Courts have the authority to modify a sentence once it is imposed only under 18 U.S.C. § 3582(c) and Rule 35(a) of the Federal Rules of Criminal Procedure. *See id.* To the extent that Lebron challenged his sentence, his motion does not state grounds for relief under 18 U.S.C. § 3582(c), and he filed it long after the time limit of Rule 35(a), which is jurisdictional. *See id.* at 915–16. To the extent that Lebron sought to challenge his convictions, the appropriate vehicle for doing so is a § 2255 motion. Lebron's time to file a § 2255 motion expired on April 24, 1997, one year after enactment of the § 2255 statute of limitations as part of the Antiterrorism and Effective Death Penalty Act of 1996. *See Burns v. Morton,* 134 F.3d 109, 111–12 (3d Cir.1998). Lebron's claims were discoverable at trial and sentencing and thus do not potentially trigger any of the alternative starting points set forth in § 2255(f).

Lebron raises two arguments on appeal that require little discussion. First, he argues that he is entitled to maintain an independent action to set aside his criminal judgment for fraud on the court under *Herring v. United States,* 424 F.3d 384 (3d Cir.2005). The proceeding sought to be reopened in *Herring* was a civil proceeding and not a criminal one, however, and District Courts do not have the inherent authority to set aside criminal judgments as explained above. *See Washington,* 549 F.3d at 914. Even if they did, Lebron does not allege the kind of "egregious misconduct ... such as bribery of a judge or jury or fabrication of evidence by counsel" that might warrant relief from a civil judgment. *Herring,* 424 F.3d at 390 (quotation marks omitted). Second, Lebron argues that the District Court erred in dismissing his motion without permitting him to file a reply to the Government's response. It appears that the District Court dismissed Lebron's motion the day after the Government filed its response and that Lebron's reply arrived at the District Court nine days later. We have reviewed Lebron's reply and conclude that any error in that regard was harmless.

For these reasons, we will affirm the judgment of the District Court.